# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DOESHUN DOTSON,** | ) |
| | ) |
| **Petitioner,** | ) |
| | )  **CASE NO. CIV-08-897-HE** |
| | ) |
| **H. E. LEDEZMA,** | ) |
| | ) |
| **Respondent.** | ) |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus. United States District Judge Joe Heaton referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a motion to dismiss to which Petitioner has not. responded; however, the time for doing so has now passed and so the motion is at issue. For the following reasons, it is recommended that the motion be granted.[1]

Petitioner is currently serving a forty-eight month sentence of imprisonment pursuant to his plea of guilty in Case No. 04-CR-514-EWN-13 (D. Colo. Dec. 15, 2006). Petitioner describes his offense as a "phone count." Petition, p. 3.

---

[1] In an order dated September 4, 2008, the Petitioner was advised that if the Respondent filed a motion to dismiss, he must file a response within eighteen (18) days or the motion could be deemed confessed.

## I. THE PETITION

By this action, Petitioner claims a violation of the Interstate Agreement on Detainers Act and the Speedy Trial Act. Petition, p. 4. Petitioner alleges that he has completed 500 hours in the Residential Drug Abuse Program (RDAP), making him eligible for early release to a community corrections facility. Petition, p. 4. However, he states that forgery charges are currently pending against him in Arapahoe County, Colorado, and that this pending criminal matter has resulted in a decision by the Federal Bureau of Prisons to deny Petitioner's early release. Petition, p. 4. Petitioner alleges that he has tried for over a year to get the Colorado criminal case resolved, but that the court refuses to adjudicate his forgery charges in violation of his right to a speedy trial. Id. He claims that he has exhausted all remedies in an effort to resolve the matter. Id. As relief, Petitioner seeks an order dismissing the Colorado charges, an order for his release to community corrections, or release to community corrections on the condition that his state criminal case be adjudicated upon his arrival at the community corrections facility. Petition, p. 5.

Petitioner attaches several exhibits reflecting his efforts to have the criminal case disposed of, including Exhibits (A) a demand for a speedy trial addressed to the office of the district attorney in Arapahoe County; (B) correspondence from the district attorney's office, dated May 9, 2007, indicating that there is an arrest warrant rather than a detainer filed in the case – and that to reach disposition of the case he must appear in court once he is released from federal custody; (C) Petitioner's pro se motion to dismiss the case for lack of prosecution, file-stamped August 2, 2007; (D) correspondence from Petitioner to the judge

presiding over the state criminal case, inquiring as to the status of the motion to dismiss and asking for a public defender; (E) a letter to the clerk of court for Arapahoe County, informing the clerk that the case is preventing his early release and asking if his sister could be permitted to appear for him; (F) an unsigned, undated order denying a motion for speedy trial in Petitioner's Colorado case; and (G) another copy of the May 9, 2007 correspondence to Petitioner from the district attorney.

## II. RESPONDENT'S MOTION TO DISMISS

In response to the petition, Respondent moves to dismiss on six separate grounds: (1) failure to exhaust state remedies by presenting the matter to the highest court; (2) failure to exhaust administrative remedies with regard to the BOP's decision denying community corrections placement; (3) failure to state a claim upon which relief can be granted on grounds that the BOP has no authority to dismiss or disregard a warrant; (4) that Petitioner is not eligible for community corrections placement due to his pending state charges; (5) lack of jurisdiction over cases under the Interstate Agreement on Detainers Act (IADA), 18 U.S.C. App. 2 § 2, art. III(a), and lack of jurisdiction over the state officials responsible for Petitioner's pending charges; and (6) that Petitioner has no constitutional right to early release, and the BOP denied early release in a reasonable exercise of its wide discretion in the matter. Motion to Dismiss, p. 2-6.

With his motion, Respondent includes the affidavit of James D. Crook, Supervisory Attorney at the United States Department of Justice, Federal Bureau of Prisons Consolidated Legal Center, and several attachments supporting the affidavit. Those attachments include

information from the BOP's SENTRY system showing that Petitioner has filed no requests for administrative remedies during his federal incarceration, as well as copies of various BOP Program Statements relating to the subjects of the RDAP and release to the community corrections program. Although Petitioner's action is problematic on several levels, the undersigned finds the first issue raised by Respondent to be dispositive, making it unnecessary to address either the merits of Petitioner's claim or the other grounds in support of dismissal.

Petitioner has failed to adequately demonstrate exhaustion of state remedies. Exhaustion of available state remedies is generally required for petitions brought under 28 U.S.C. § 2241. Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). As the Tenth Circuit Court of Appeals has explained,

> No statutory exhaustion requirement applies to § 2241, but case law holds "that although section 2241 establishes jurisdiction in the federal court to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

Capps v. Sullivan, 13 F.3d 350, 354 n.2 (10th Cir. 1993) (citations omitted). In a similar case in which a federal prisoner challenged a detainer involving a pending state criminal warrant, the United States District Court for the District of Colorado stated:

> The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. See Castille v. Peoples, 489 U.S. 346, 351 (1989). Fair presentation requires that the "federal issue [be] properly presented to the highest state court, either by direct review of the conviction

> or in a postconviction attack." Dever v, Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir.1994). "The exhaustion requirement is not one to be overlooked lightly." Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir.1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. See Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir.1992)
>
> Mr. Raifsnider states in the Application that he has exhausted his state remedies because (1) he filed a motion to dismiss in the District Court of Mesa County that was denied, and (2) he wrote to the prosecuting attorney for Mesa County regarding the pending charges and received a response from the chief deputy attorney that stated the charges against Applicant will remain in effect even though no detainer has been placed against him. Applicant also appears to argue that because the IAD is a federal law his claim is cognizable in this Court[.]  Nonetheless, Mr. Raifsnider fails to assert that he has presented his claims to the highest state court in Colorado.

Raifsnider v. Colorado, No. 08-CV-638-BNB, 2008 WL 2011866 (D. Colo. May 8, 2008), certif. of appealibility denied, No. 08-1182, 2008 WL 4889988 (10th Cir. Nov. 13, 2008).[2]

As in Raifsnider, Petitioner here has shown that he has moved to dismiss his state criminal case, and corresponded with the district attorney. However, he does not show that he has exhausted his claim by fairly presenting the matter to the highest state court. Accordingly, it is recommended that this matter be dismissed for Petitioner's failure to fully exhaust his available state court remedies.

In making this recommendation, the undersigned notes that a district court may deny a habeas application on its merits without reviewing an exhaustion question. Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). For example, in Raifsnider, the Court went

---

[2]This unpublished disposition is cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

on to dispose of the petitioner's claims on the merits despite his failure to exhaust state court remedies because the details of the relevant state court matters showed no merit to his particular claim under the Interstate Agreement on Detainers Act.

When deciding whether to address an unexhausted claim on the merits, "[t]he court should determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim." Miranda v. Cooper 967 F.2d 392, 400 (10th Cir. 1992) (quoting Granberry v. Greer, 481 U.S. 129, 134 (1987)). Here, the Colorado criminal matter is closely intertwined with the merits of Petitioner's federal claim. Indeed, further state court action could affect the very basis of Petitioner's claim, or even render it moot. Therefore, the undersigned declines to address the petition on the merits.[3]

## **RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that Respondent's motion to dismiss the petition for a writ of habeas corpus [Doc. No. 11] be **GRANTED**, and the petition be dismissed without prejudice as presenting an unexhausted claim. Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court on or before December 15, 2008, in accordance with 28 U.S.C. § 636 and Local

---

[3] However, the undersigned notes that a violation of the Interstate Agreement on Detainers Act does not rise to the level of a constitutional violation without at least a showing of "actual prejudice" resulting from the violation. Raifsnider v. State, No. 08-1182, 2008 WL 4889988 (10th Cir. Nov. 13, 2008).

Civil Rule 72.1.  Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

**ENTERED this 24th day of November, 2008.**

/s/ Doyle W. Argo
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE